**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
JONESBORO DIVISION**

**STACY ABRAM JR.**                                                                                                  **PLAINTIFF**

**v.**                                      **NO. 3:04-CV-00245 GTE**

**RICHARD "DICK" BUSBY, Individually
and as Sheriff of Crittenden County, Arkansas;
BILL COVINGTON, Individually
and as Chief Deputy of the Judicial Division
of Crittenden County, Arkansas;
CITY OF WEST MEMPHIS;
EARLE POLICE DEPARTMENT; SHERMAN
SMITH, Individually and as Mayor of the City
of Earle; JERRY EAVES, Individually
and as Police Officer of Earle; SAMUEL SIDDELL;
ALVIN MILLER; DIANNA JACKSON, Individually
and as Supervisor of the Division of County Operations
of St. Francis County; NINA B. BROWN; and DEBRA
WATTS, Individually and as Supervisor**                  **DEFENDANTS**

**ORDER ALLOWING IN PART LEAVE TO AMEND COMPLAINT,
DISMISSING CLAIMS AGAINST DEFENDANTS JACKSON AND WATTS,
AND DENYING PENDING DISCOVERY MOTIONS**

This is the Court's second attempt to ferret out the multiple allegations made by Plaintiff, proceeding *pro se*, in this matter. On January 5, 2005, this Court entered a fourteen page Order addressing numerous motions. Since then, numerous new motions have been filed. This Order primarily addresses: (1) Plaintiff's Motion for Leave to File an Amended Complaint; and (2) Various Discovery Related Motions. This Order also disposes of other housekeeping motions, which are either moot or denied.

Also pending are two Motions for Summary Judgment, one filed by Separate Defendants Sheriff Richard Busby and Chief Deputy Bill Covington (referred to as the "Separate Crittenden County Defendants") and a second filed by Separate Defendants Jerry Eaves, Sherman Smith, Samuel Siddell and Alvin Miller. Those motions will not be addressed at this time, but rather, the Court will address

those motions separately and at a later date.[1]

The Court will consider Plaintiff's Motion to Amend and the discovery related motions separately.

**FACTUAL BACKGROUND**

On July 12, 2004, Plaintiff Stacy Abram, proceeding *pro se,* filed a Complaint alleging various claims for civil rights violations, including violations of his rights under 42 U.S.C. §§ 1981, 1982, 1983, 1985, and the Fifth and Fourteenth Amendments to the United States Constitution.

The crux of Plaintiff's Complaint appears to be that he obtained an Order of Protection from the Circuit Court of Crittenden County, Arkansas, but that the West Memphis Police Department and Bill Covington of the Sheriff's Department refused to serve the Order. Plaintiff further complains about an incident involving Defendant Samuel Siddell, a City of Earle Police Officer, involving a dispute over the custody of Plaintiff's and Nina Brown's children.[2] The nature of Plaintiff's proposed claims against Defendants Dianna Jackson and Debra Waits are discussed below in connection with the Court's conclusion that such claims are frivolous and must be dismissed.

Plaintiff seeks injunctive relief, compensatory damages, punitive damages, attorney's fees and costs.

On August 4, 2004, the Court denied Plaintiff's request to proceed *in forma pauperis*. Plaintiff subsequently paid the filing fee.

---

[1] The two Motions for Summary Judgment appear to be ripe for resolution at this time, as Plaintiff has responded to the motions. However, out of an abundance of caution and to ensure that Plaintiff has the opportunity to present any additional evidence he wishes to present, the Court will postpone addressing the motions on the merits until such time as Plaintiff has had an opportunity to advise the Court, in light of the denial of his pending discovery motions, whether such denial has any impact on his ability to respond fully to Defendants' motions. Plaintiff is hereby advised that it is his responsibility to advise the Court if he needs additional time to conduct discovery in order to respond fully to the pending discovery motions and, if so, to identify particular additional discovery responses that are needed and to outline why such additional discovery is needed in order to respond fully. *See* Fed. R. Civ. P. 56(f). The Court

[2] Plaintiff and Ms. Brown have several children together. It is unknown whether they are or have ever been married.

**DISCUSSION**

**(1) Plaintiff's Motion to File an Amended Complaint**

This is Plaintiff's second attempt to file an Amended Complaint. The Court in its January 5th Order granted in part and denied in part Plaintiff's then pending Motion for Leave to File an Amended Complaint. The Court further directed Plaintiff to file a new proposed Amended Complaint for the Court's consideration not later than January 21, 2005. Plaintiff waited until March 31, 2005, to move again to file an Amended Complaint. Plaintiff states that the proposed Amended Complaint does the following: (1) substitutes the City of Earle and the City of West Memphis for their Police Departments; (2) adds additional theories including the privacy act for the causes of action against Deborah Waits and Dianna Jackson. Plaintiff further requests permission to amend his Complaint in the future with respect to Ms. Waits and Ms. Jackson once he receives the investigative report from the Arkansas Department of Human Services' Office of Chief Counsel.

This Court granted Plaintiff permission to substitute the Cities of Earle and West Memphis for their respective Police Departments in its January 5th Order. Plaintiff is again permitted to do so. Plaintiff shall not, however, be permitted to pursue his action against Ms. Waits and Ms. Jackson for the reasons stated below. The Court is dismissing those claims for the reasons herein stated.

Additionally, although Plaintiff's motion fails to advise that he is doing so, it appears that Plaintiff is also attempting to amend his Complaint to name, for the first time, Defendants Sherman Smith, Samuel Siddell, and Alvin Miller in their individual capacities. The Court will permit Plaintiff to do so. The Court realizes that this addition may require these Defendants, who have already filed a Motion for Summary Judgment, to supplement or amend their motion. The Court will permit them to do so and encourages them to act promptly.[3]

In sum, Plaintiff's Motion for Leave to Amend is granted in part and denied in part. Plaintiff's

---

[3] Currently in effect is a pending dispositive motion deadline of August 30, 2005.

motion is granted solely to the extent that he shall be permitted to substitute the City of Earle and the City of West Memphis for their police departments and to name other Defendants in their individual as well as their official capacities. Plaintiff's claims against Defendants Ms. Waits and Ms. Jackson are dismissed, and therefore, his motion is denied as to these two Defendants.

Rather than await further delay for the Plaintiff to file an Amended Complaint which conforms to this Court's Order (and recalling the Plaintiff's two month tardiness in filing the present proposed Amended Complaint), the Clerk of the Court is directed to file the proposed Amended Complaint attached to Mr. Abram's Motion for Leave to Amend dated March 31, 2005 (Docket No. 43). The portions of the Amended Complaint naming Debra Waits and Dianna Jackson are of no ongoing effect as those claims are being dismissed.

**Dismissal of Plaintiff's Claims Against Defendants Ms. Waits and Ms. Jackson**

The Court expressed concern in its January 5th Order regarding Plaintiff's claims against Ms. Waits and Ms. Jackson, finding that the claims proposed against these individuals appeared to be frivolous. The Court directed Plaintiff to show cause why his claims against these individuals should not be dismissed as frivolous. (Court's January 5th Order, at pp. 6-8). Plaintiff's latest proposed Amended Complaint contains the same claims against Defendants Ms. Waits and Ms. Jackson, both of whom are employed by the State of Arkansas' Department of Human Services. Plaintiff also proposes to add a federal Privacy Act claim against these Defendants. Plaintiff's claims emanate from his assertions that these Defendants have engaged in inappropriate sexual relationships with and exerted undue influence and control over Nina Brown, the mother of Plaintiff's minor children. Plaintiff has complained to Ms. Waits and Ms. Jackson's supervisors and others, but contends that no disciplinary action has been taken against them.

Plaintiff proposes to file causes of action against Debra Waits and Dianna Jackson for violation of 42 U.S.C. §§ 1981, 1982, and 1983. He claims that he has been victimized because his race and color,

black. Ms. Waits and Ms. Jackson are also black. Plaintiff contends that had these Defendants "been white they would have been discharged." Finally, Plaintiff alleges that "[a]lthough most of the Defendants are Black, it is because of the impact and vestiges of slavery and its aftermath of which [sic] are prohibited by the statutes and Constitution [sic] provision [sic] above." (Proposed Amended Complaint, Docket No. 43, at ¶ 33). He additionally contends that these Defendants, by exercising conduct and influence over Nina B. Brown, have violated "state and criminal laws as well as rules and regulations of the Arkansas Department of Human Services and the state ethics code, as well as the United States Privacy Act, 5. U.S.C. 552a.[4] (Proposed Amended Complaint, Docket No. 43, at ¶ 32).

On March 31, 2005, Plaintiff responded to the Court's request to show cause why these claims, which date back to conduct beginning in 1996, should not be dismissed as untimely. Therein, Plaintiff states in pertinent part:

> Dianna Jackson and Deborah Waits are responsible for plaintiff being removed as payee for the parties' minor children and Nina B. Brown. Plaintiff will show the court that up until February 25, 2005 defendants Nina B. Brown SSI check [sic] and the parties minor children SSI checks [sic] were sent to the address of Dianna Jackson [sic] her apartment in West Memphis Arkansas.
>
> Deborah Waits and Dianna Jackson bragged and boast [sic] about their ability to control persons in the West Memphis Social Security Office, the Arkansas Department of Human Services State Office, the Crittendon County office, St. Francis County office and Cross County Office.

(Plaintiff's Response to Order to Show Cause, at pp. 1-2). Plaintiff further contends that allegations "going back from 1996 to present" are currently being investigated by an internal investigator from the Arkansas Department of Human Services' Office of Chief Counsel.

Plaintiff argues these claims are not time barred by the three year statute of limitations because these Defendants engaged in the same or similar conduct from 1996 to the present. Arkansas courts

---

[4] Although Plaintiff's proposed Amended Complaint actually reads "5 U.S.C. § 552," his reference to the Privacy Act as well as the statutory language leads the Court to conclude that he in fact relies on § 552a.

- 5 -

sometimes recognize a "continuous treatment" theory in the context of medical malpractice actions, in which the cause of action does not accrue until ongoing treatment ends. *Lane v. Lane*, 295 Ark. 671, 752 S.W.2d 25 (1988); *Tullock v. Eck*, 311 Ark. 564, 569, 570, 845 S.W.2d 517 (1993). A "continuing treatment" theory is limited to claims for medical injury. To extend the limitations period in this case, the Court would have to apply a "continuing-tort theory" to toll the applicable limitations period. The Court cannot do so. The Arkansas Supreme Court has stated that "the continuing-tort theory is not recognized in Arkansas." *Chalmers v. Toyota Motor Sales,* 326 Ark. 895, 906, 935 S.W.2d 258, 264 (1996).

Despite alleging wrongdoing by these Defendants dating back until 1996, Plaintiff waited until July of 2004 to file the instant lawsuit against Ms. Waits and Ms. Jackson. Eight years is far beyond the three-year statute of limitations customarily applied to such theories of relief.[5] Plaintiff's proposed claims against Defendants Ms. Waits and Ms. Jackson are clearly time-barred. Plaintiff, despite being provided additional time to come forward with factual allegations or legal theories to provide a basis for extending the limitations period, has failed to do so. The Court therefore concludes that these claims are time-barred and must be dismissed.

Additionally, even if Plaintiff's claims against these Defendants were not time barred, his allegations fail to state a claim for relief under federal law. The broad allegations of racial animus, in view of the fact that all involved parties are black, and the nature of the allegations, which indicate primarily that Plaintiff is upset over these two Defendants' relationship with a third-party, Nina Brown, and the Defendants' acts to assist Ms. Brown, simply do not state a viable claim for relief under federal constitutional or statutory law. With regard to Plaintiff's reliance on the federal Privacy Act, that statute

---

[5] *See Wilson v. Garcia,* 471 U.S. 261, 280-81 (1985) (limitations period for § 1983 action is state's personal injury statute of limitations); *Ketchum v. City of West Memphis,* 974 F.2d 81, 82 (8th Cir.1992)(applying three year limitations period from Arkansas' general personal injury statute to § 1983 actions).

regulates federal agencies and these Defendants were employed by a state agency. Additionally, it appears that Nina Brown was the client served by the state agency in question, and Plaintiff lacks standing to pursue a Privacy Act claim on behalf of Nina Brown.

For all of these reasons, Plaintiff's claims against Dianna Jackson and Debra Waits are dismissed without prejudice from the Original Complaint and from the Amended Complaint. The Court having found that the allegations against Ms. Jackson and Ms. Wait are time barred and fail to state a claim for relief, the Plaintiff is directed, in filing any future pleadings, not to include these same allegations against Ms. Jackson and Ms. Waits, both of whom are hereby dismissed from this lawsuit.

**(2) Discovery Related Motions**

Plaintiff Mr. Abrams has filed the following discovery related motions:

(a) Plaintiff's Motion to Compel Separate Defendants City of Earle, Jerry Eaves, Sherman Smith, Samuel Siddell and Alvin Miller to answer written discovery (Doc. # 54);

(b) Plaintiff's Motion to Compel Separate Defendants Bill Covington and Richard Dick Busby to provide additional discovery (Doc. # 68);

(c) Plaintiff's Motion for Sanctions Against Separate Defendants Bill Covington and Richard Dick Busby (Doc. # 74).

The Defendants have also filed the following motion:

(d) Motion for Protective Order by Separate Defendants Jerry Eaves, Sherman Smith, Samuel Siddell, and Alvin Miller (Doc. # 55).

Both of Plaintiff's Motions to Compel fail to include the required statement that Plaintiff has attempted in good faith to confer with the Defendants. Plaintiff asserts in his second Motion to Compel that it would be futile to attempt to confer with the Defendants. Plaintiff acknowledges that "some information" has been provided but seeks additional information. Plaintiff's motions recite a list of interrogatories and responses to which Plaintiff seeks complete responses, but Plaintiff fails to indicate

to the Court how the Defendants have already responded to his request and fails to state how the Defendants' previous discovery response is deficient. Since some information has been provided, the Court cannot tell what particular information Plaintiff is seeking and why he believes he is entitled to it.

The Court's Local Rule 7.2(g) states as follows:

All motions to compel discovery and all other discovery-enforcement motions and all motions for protective orders shall contain a statement by the moving party that the parties have conferred in good faith on the specific issue or issues in dispute and that they are not able to resolve their disagreements without the intervention of the Court. If any such motion lacks such a statement, that motion may be dismissed summarily for failure to comply with this rule. Repeated failures to comply will be considered an adequate basis for the imposition of sanctions.

Under the circumstances, Plaintiff's failure to in good faith confer with counsel for the Defendants is fatal to his pending request for discovery relief. It appears that Plaintiff has made no effort to confer with Defendants' counsel. The Court denies without prejudice all of Plaintiff's pending discovery motions. If discovery issues continue to exist, Plaintiff is hereby directed to contact counsel for the Separate Defendants. The parties are directed to meet in person and to confer. If, <u>after</u> said meeting, Plaintiff believes that the Defendants have denied him discovery to which he is entitled, then Plaintiff may file a new Motion (or Motions) to Compel with the Court. If any new motions are filed, Plaintiff shall identify with particularity the discovery request in issue, identify for the Court the Defendant's response to said request, identify how and why the Defendant's response is insufficient, and identify what specific relief he is seeking with regard to each discovery request at issue.

Time is of the essence in view of the pending discovery deadline of August 18, 2005. The Plaintiff shall have until **August 1, 2005** to file a Motion to Compel. Separate Defendants are directed, after being contacted by Plaintiff, to meet with Plaintiff. All the parties are directed to attempt in good-faith to resolve any discovery disputes and, in any event, to narrow such disputes before seeking court intervention.

**CONCLUSION**

For the reasons herein stated,

IT IS THEREFORE ORDERED THAT Plaintiff's Motion to File an Amended Complaint (Docket No. 43) be and it is hereby, GRANTED IN PART AND DENIED IN PART, as set forth above. The Clerk of the Court is directed to file the proposed Amended Complaint submitted with Plaintiff's March 31, 2005 motion, with the understanding that the only those portions of the Amended Complaint permitted by this Order are actually before the Court.

IT IS FURTHER ORDERED, upon the Court's own motion, that the Plaintiff's claims against Defendants Dianna Jackson and Debra Watts be, and they are hereby, DISMISSED. Those claims are hereby DISMISSED from the Plaintiff's Amended Complaint.

IT IS FURTHER ORDERED THAT Plaintiff's Motions to Compel (Docket No. 54, 68) and Motion for Sanctions (Docket No. 74) be, and they are hereby, DENIED WITHOUT PREJUDICE to refile similar motions. If Plaintiff elects to refile any of these discovery motions, said motions shall be filed **not later than August 1, 2005** and shall conform to the requirements stated herein.

IT IS FURTHER ORDERED, upon the Court's own initiative, that the pending Motions for Summary Judgment filed by Defendants appear to be fully submitted and ripe for ruling. The Court will take up and consider the motions on the present record unless the Plaintiff, not later than **August 1, 2005**, demonstrates to the Court that additional time is needed in order to obtain specified information in order to fully respond to said motions.

**PLAINTIFF IS HEREBY ADVISED THAT IT IS HIS OBLIGATION TO COMPLY WITH THE AUGUST 1, 2005 DEADLINE STATED HEREIN OR TO REQUEST ADDITIONAL TIME, IF NECESSARY, PRIOR TO THE DEADLINE.**

IT IS FURTHER ORDERED THAT Defendants' Motion to Dismiss for Failure to Prosecute or to Abstain (Docket No. 44-1 and 44-2) be, and is hereby, DENIED.

IT IS FURTHER ORDERED THAT Defendants' Motion to Extend Discovery and Dispositive

Motions Deadline (Docket No. 52) be, and it is hereby, DENIED as MOOT.

IT IS SO ORDERED this 8th day of July, 2005.

    \_\_\_\_/s/Garnett Thomas Eisele_____
    UNITED STATES DISTRICT JUDGE