**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
JONESBORO DIVISION**

**STACY ABRAM JR.**                                                                                      **PLAINTIFF**

**v.**                                            **NO. 3:04-CV-00245 GTE**

**RICHARD "DICK" BUSBY, Individually
and as Sheriff of Crittenden County, Arkansas;
BILL COVINGTON, Individually
and as Chief Deputy of the Judicial Division
of Crittenden County, Arkansas;
CITY OF WEST MEMPHIS;
EARLE POLICE DEPARTMENT; SHERMAN
SMITH, Individually and as Mayor of the City
of Earle; JERRY EAVES, Individually
and as Police Officer of Earle; SAMUEL SIDDELL;
ALVIN MILLER; DIANNA JACKSON, Individually
and as Supervisor of the Division of County Operations
of St. Francis County; NINA B. BROWN; and DEBRA
WATTS, Individually and as Supervisor**                                            **DEFENDANTS**

**ORDER STRIKING MOTION FOR SUMMARY JUDGMENT AND
DIRECTING THAT NO FURTHER MOTIONS BE FILED**

Plaintiff Stacy Abram, proceeding *pro se,* continues to file Motions for Summary Judgment in this matter, notwithstanding that the motions deadline ended on December 28, 2005, and irregardless of whether he previously has moved for summary judgment. For example, Mr. Abram has filed two motions for summary judgment against most of the Defendants in this case. Yesterday, January 3, 2006, Plaintiff filed a Third Amended Motion for Summary Judgment against Alvin Miller.

Yesterday's Third Amended Motion for Summary Judgment (Docket No. 177) adds nothing of substance legally or factually. The motion also fails to include the required brief and statement of material undisputed facts. In fact, the motion appears to be a refiling of Plaintiff's Second Amended Motion for Summary Judgment with the word "Second" crossed out and the word "Third" handwritten in. The closest thing to a statement of substance in the motion is the following:

"Plaintiff sincerely feels and believes beyond a reasonable doubt that defendant Alvin Miller willfully and maliciously abused his authority as a police officer . . . and plaintiff has suffered damages from the misconduct of Alvin Miller." (Docket No. 177, at ¶ 8). This is not a proper use of a motion for summary judgment. The motion will be stricken, removed from the pending motions list, and no response to the motion need be filed.

Despite the fact that the motion deadline has ended in this case, Plaintiff has continued to file multiple and frivolous motions for summary judgment. The record in this case has been and continues to be enlarged by Plaintiff's unnecessary filings. Additionally, the Court has been unable to rule on the existing motions due to Plaintiff's continued filings. There are presently ten (10) pending Motions for Summary Judgment (not counting Plaintiff's attempt to add an eleventh motion yesterday). The Court concludes that in order to manage the docket in this case, it is necessary to place additional restrictions on filings in this case, at least until the Court can rule on the presently pending motions. If any remaining claims or issues exists after the Court rules on the pending summary judgment motions, the parties will then be permitted to file motions in limine, trial briefs, and other appropriate pleadings. Until then, however, the parties are directed to cease filing motions in this case.

## CONCLUSION

For the reasons herein stated,

IT IS HEREBY ORDERED on the Court's own motion that Docket No. 177, Plaintiff's Third Amended Motion for Summary Judgment against Separate Defendant Alvin Miller, be and it is hereby, STRICKEN. The Clerk of the Court is directed to make a docket entry so noting and to remove the motion from the pending motions list.

IT IS FURTHER ORDERED, again on the Court's own motion, that in view of the fact that the motions deadline has passed in this case and the parties have had ample time to file whatever

motions they desired, **no further motions <u>of any kind</u> shall be filed in this case until the Court has had an opportunity to rule on the pending Motions for Summary Judgment.**  The Court finds that this restriction is necessary in order to manage the docket in this case.  **Plaintiff Stacy Abrams is hereby placed on notice that if he disobeys this Order, harsher sanctions may be imposed, up to and including the dismissal of his Complaint.**

    IT IS SO ORDERED this 4th day of January, 2006.

                                    _/s/Garnett Thomas Eisele_____
                                    UNITED STATES DISTRICT JUDGE